# United States District Court
## for the
## Western District of New York



| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 12-MJ-4100 |
| WILLIAM E. MILLER | ) |
| *Defendant* | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

Between on or about the date of <u>June 1, 2012 through August 9, 2012</u> in the county of <u>Monroe</u> in the Western District of New York, the defendant violated <u>18</u> U.S.C. § <u>2251(a)</u>, an offense described as follows:

the defendant did knowingly employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2251(a).

This criminal complaint is based on these facts:

X   Continued on the attached sheet.

Please see attached affidavit

_____
*Complainant's signature*

Brian Tucker, Task Force Officer, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/4/12

_____
*Judge's signature*

City and State: Rochester, New York

Hon. Marian W. Payson, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE ) SS:
CITY OF ROCHESTER )

12-mg-4100

I, Brian K. Tucker, being duly sworn, deposes and says:

1. I am a Task Force Officer with the Federal Bureau of Investigation (FBI). I have been a Task Force Officer for approximately 17 months and an Officer with the Rochester Police Department (RPD) for the past 27 years.

2. I am currently assigned to the Buffalo Division, Rochester, New York, Resident Agency. My duties involve investigating federal crimes including violations of Title 18, United States Code, Sections 2251, 2252 and 2252A. I have received training in the area of child pornography and child exploitation, and have observed and reviewed thousands of examples of child pornography, as defined by Title 18, United States Code, Section 2256, in various forms of media including computer media.

3. This affidavit is submitted for the limited purpose of establishing probable cause to believe that WILLIAM E. MILLER, while in the Western District of New York, knowingly used, persuaded,

induced, enticed or coerced a minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, such visual depiction having been produced using materials that had been mailed, shipped or transported in or affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 2251(a).

4. The statements contained in this affidavit are based on my own personal knowledge and observations, my training and experience, and conversations with and reports from other law enforcement officers and witnesses. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause that WILLIAM E MILLER did knowingly violate Title 18, United States code, Section 2251(a).

5. In August 2012, members of the Rochester Police Department seized various items, including a General Imaging 7.0 megapixel A735 digital that was manufactured by General Electric Company (hereafter "GE Camera"), from a bedroom rented by WILLIAM E. MILLER (DOB: XX/XX/1965) at 399 Electric Avenue, Rochester, New York. The items

were seized pursuant to a search warrant issued by the Honorable John E. Elliott, Rochester City Court, as part of an unrelated investigation. In reviewing the contents of the GE Camera, the RPD officers discovered suspected child pornography. The officers contacted your affiant for assistance.

6. Based on the observations of the officers, your affiant applied for a new search warrant, seeking authority to search for and seize any and all images of child pornography that might be found on the GE Camera. On August 10, 2012, the Honorable John E. Elliott, Rochester City Court issued a second search warrant, authorizing the search and seizure of the GE Camera for any and all images of child pornography.

7. Pursuant to Judge Elliot's search warrant, on or about August 10, 2012, your Affiant used a loose media kiosk, at the FBI office located at 100 State Street, Rochester, New York, to forensically examine the GE Camera as well the Lexar platinum II 60x 1 GB SD card, bearing serial number #9VJD80PC ("Lexar SD Card"), contained within the GE Camera. Your affiant observed that the GE Camera was manufactured in China, while the Lexar SD Card was manufactured in Korea, indicating that camera traveled in interstate

and foreign commerce.

8. As a result of the forensic examination, your affiant located two videos and multiple images of child pornography on the GE Camera/Lexar SD Card. These images include:

   a. A video in which what appears to be a minor female, who is standing in what appears to be a bedroom while wearing a two-piece bathing suit. In the video, the minor female moves the bathing suit's top to expose her breasts. She then removes the bathing suit bottoms to expose he vaginal area. The minor female then lays down on a bed and can be heard saying "hurry up." At the same time, what appears to be the hand of the adult male, who is filming the minor female, moves the minor female's legs apart to focus in on the minor victim's genitals. A male voice can be heard saying "I'm filming" as well as a discussion about paying for the minor female to have her nails done.

   b. A video in which the same minor female is posed on what appears to be the same bed in the same bedroom. The minor female is lying on her back, exposing her genitals and breasts.

   c. An image depicting what appears to be the same minor female dressed in street clothes, with her pants and underwear pulled down to expose her genitals.

Based upon my training and experience, these images constitute child pornography, as defined by Title 18, United States Code, Section 2256(8).

9. Through investigative efforts your affiant and FBI Special Agent Barry Couch identified the minor child depicted in the videos

and images described above as a 12 year old female (date of birth XX/XX/1999) residing in Rochester, New York (hereafter "Victim"). On September 7, 2012, your affiant, SA Barry Couch and CPS Specialist Hayley Gendron responded to Franklin High School to meet with and interview Victim. During the interview, Victim confirmed that she was the female depicted in the video described in paragraph 8(a), above, and that WILLIAM E. MILLER filmed the video.

10. On September 11, 2012, your affiant observed a second interview of Victim by CPS Specialist Gendron at the Bivona Child Advocacy Center. During that interview, Victim identified herself as the girl depicted in both the videos and the pictures. Victim also confirmed that WILLIAM E. MILLER filmed the videos and the pictures. Further, Victim told CPS Specialist Gendron she has known WILLIAM E. MILLER all of her life and calls him "Billy." Victim stated that the pictures and videos were filmed at "Billy Miller's" room at 399 Electric Avenue, in Rochester, New York. According to Victim, WILLIAM E. MILLER threatened Victim and offered Victim bribes for her to pose for the images.

11. That day, on September 11, 2012, your affiant also interviewed Victim's mother (hereafter known as "FH" to protect

Victim's identity). FH viewed both videos and identified her daughter (Victim) as the minor child depicted in both videos. FH also identified the bathing suit described in paragraph 8(a), above, and told your affiant that Victim did not have the use of the two-piece bathing suit until after May 2012. Victim later confirmed that the images and videos were taken during the summer of 2012. After reviewing the videos, FH identified the male voice, described in paragraph 8(a) above, as WILLIAM E. MILLER. FH stated that she has known WILLIAM E. MILLER for her entire life.

12. Your affiant also located non-pornographic images of Victim and other minor females on the GE Camera/Lexar SD Card. On September 11, 2012, your affiant interviewed a second minor female, aged 12 years old (DOB: XX/XX/2000). Your affiant showed this minor female a non-pornographic image located on WILLIAM E. MILLER's GE Camera. The second minor female identified herself as well as Victim as the clothed females in the pictures. The minor female also stated that the photos were taken in WILLIAM E. MILLER' bedroom at 399 Electric Avenue, Rochester, New York.

WHEREFORE, based on the foregoing, I respectfully submit that there is probable cause to believe that WILLIAM E. MILLER did

knowingly employ, use, persuade, induce, entice or coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, and such visual depiction having been produced using materials that had been mailed, shipped, or transported in or affecting interstate commerce by any means, including by computer, in violation of Title 18, United States Code, Section 2251(a).

                                         Brian K. Tucker
                                         Task Force Officer
                                         Federal Bureau of Investigation

Subscribed to and sworn before me
this **4th** day of October 2012

HON. MARIAN W. PAYSON
United States Magistrate Judge