UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

vs.

**William E. Miller,**

      Defendant.

---

Docket No.: 13-CR-6036

**OBJECTIONS TO REPORT AND
RECOMMENDATIONS OF THE
MAGISTRATE JUDGE**

In a Decision and Order filed August 16, 2013, United States Magistrate Judge Marian W. Payson, DENIED Defendant William Miller's Motion to Suppress evidence obtained via execution of a search warrant. *U.S. v. Miller,* 3012 WL 450548. Defendant, William Miller, objects to those rulings.

With respect to the evidence obtained via execution of a search warrant, the Court erred in denying suppression.

The Defendant agrees with the Court's recitation of the applicable law relating to the particularity required for a search warrant, but disputes the Court's application to the facts of this case. Specifically, the Defendant maintains that the first Search Warrant did not permit a search of the digital camera or SD card to look for photographs. The Defendant herein maintains that the Search Warrant at issue was very specific and the Court improvidently extended the scope of the warrant to permit a search of items not specifically listed on the Search Warrant. The language at issue in the Search Warrant permitted, *inter alia,* search of the following: "**photographs and video tapes that depict individuals involved in untaxed and unstamped cigarette violations and /or photographs to assist in helping identify traffickers and their associates including undeveloped rolls of film and disposable cameras.**" Here Magistrate Payson found that an authorization to search for photographs could be reasonably

extended to mean a search of a digital camera, the SD card or in hard copy. The Defendant disagrees and urges this Court to reject the finding of the magistrate in this matter.

In securing the warrant, the officers secured a warrant permitting the search of "disposable cameras" rather than using the broader term "camera" or equally specific "digital camera". As technology as evolved so has the manner in which images can be captured. Along with traditional film cameras, disposable cameras, and digital cameras, phones, ipods, ipads, and computers are now commonly used to capture images. Here the warrant solely authorized the seizure of a disposable camera. The digital camera that was examined is not a "disposable camera" as identified or particularized in the warrant. By setting forth the specific type of camera to be seized, the Defendant submits that the Search Warrant thereby precluded a search of different types of cameras. Without authorization to search or seize the digital camera, application of the Search Warrant should not be the extended to searching the SD card. To allow this would allow the search and seizer of ANY electronica device or item able to hold electronic information (Phone, Digital camera, digital frame, zip drive, memory stick, iPod, computer, server, electric key chain, Gameboy, gaming device, CD, DVD, etc.) by just listing "disposable camera" in a warrant. Not only did the warrant fail to specify a digital camera, the warrant did not authorize the search of any internal or external media capable of storing electronic media associated with such a camera.

The warrant further authorized a search and seizure of photographs and film. Notably, the warrant did not authorize a search of electronic media or digital storage media of any sort. A SD card is not a "photograph" as identified or particularized in the warrant. Law enforcement is aware that in modern times that images are no longer necessarily printed on photographic paper and are now are more often found in digital formats. Case law demonstrates law

enforcement's familiarity with the variety of means used to now store electronic images. *U.S. v. Cooke*, 2010 WL 413514 (S.D. Texas 2010) (Seizure of camera and memory stick upheld where warrant authorized search for "any electronic media capable of storing records."); *U.S. v. Galpin,* 720 F.3d 436 (2013) (Warrant authorized search of computers, central processing unites, external and internal drives, storage units or media terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners or digital cameras and their internal or external storage media.); *People v. Deprospero,* 91 A.D.3d 39 (4th Dept. 2011) (Search warrant authorized "peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal or external storage media.) The exclusion of electronic medial storage or memory cards from the Search Warrant renders the officers search of this item improper.

The Defendant further objects to the Court's finding that even if found that the officers exceeded the textual scope of the Search Warrant, it was objectively reasonable to authorize the search of the digital camera and memory card. The language of the Search Warrant was clear in authorizing the search of a disposable camera. It was not objectively reasonable to consider the digital camera a "disposable camera" so as to fall within the confines of the warrant. Moreover, the specific omission of any type of digital media, electronic media, or electronic media storage device lends further support to a finding that the officers did not act in good faith in searching an electronic media storage device or the SD card.

As the Search Warrant at issue did not include authorization to search and/or seize a digital camera and did not specify the search and/or seizure of digital images, the Defendant respectfully requests that this Honorable Court find that the search exceeded the scope of the particular items set forth in the Search Warrant. For the reasons stated above, Defendant

respectfully requests that the District Court reject the Decision and Order of United States Magistrate Judge Marian W. Payson and grant Defendant's Motion for Suppression.


DATED:   Rochester, New York
         October 23, 2013

                                          /s/Christian J. Kennedy_____
                                          CHRISTIAN J. KENNEDY, ESQ.
                                          Suite 802
                                          45 Exchange Blvd.
                                          Rochester, New York 14614
                                          Telephone:  (585) 454-5290
                                          Fax:  (585) 232-4240
                                          Email:  ChristianKennedyLaw@Gamil.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA**

   v.               13-CR-6036-L

**WILLIAM MILLER ,**

    **Defendant.**

---

## CERTIFICATE OF SERVICE

  I hereby certify that on October 24, 2013, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

  1.  Marisa Miller, AUSA – marisa.miller@usdoj.gov

  And, I hereby certify that I have mailed by the United States Postal Service the document to the following non-CM/ECF participant(s).

  1.  William Miller

            /s/Christian J. Kennedy
            Christian J. Kennedy
            45 Exchange Blvd, Suite 802
            Rochester, New York 14614
            585-454-5290
            ChristianKennedyLaw@Gmail.com
            Attorney for William Miller