# EXHIBIT 2

1          UNITED STATES DISTRICT COURT

2          WESTERN DISTRICT OF NEW YORK

3

4

5   - - - - - - - - - - - - -X
    UNITED STATES OF AMERICA          13-CR-6036(L)
6
    vs.
7                                     Rochester, New York
    WILLIAM MILLER,                   May 13th, 2014
8          Defendant.                 1:32 p.m.
    - - - - - - - - - - - - -X
9

10
                    TRANSCRIPT OF PROCEEDINGS
11       BEFORE THE HONORABLE DAVID G. LARIMER
                UNITED STATES DISTRICT JUDGE
12

13                  WILLIAM J. HOCHUL, JR., ESQ.
                    United States Attorney
14                  BY: MARISA J. MILLER, ESQ.
                    Assistant United States Attorney
15                  6200 Federal Building
                    Rochester, New York 14614
16

17

18                  CHRISTIAN J. KENNEDY, ESQ.
                    45 Exchange Boulevard, Suite 802
19                  Rochester, New York 14614
                    Appearing on behalf of the Defendant

20

21  AUDIO RECORDER:    Paula Rand

22
    TRANSCRIBER:       Christi A. Macri, FAPR-CRR
23                     Kenneth B. Keating Federal Building
                       100 State Street, Room 2120
24                     Rochester, New York 14614

25  (Proceedings recorded by electronic sound recording,
    transcript produced by computer).

1              **P R O C E E D I N G S**

2                  \*         \*         \*

3        (**WHEREUPON**, the defendant is present).

4        **THE COURT:** Good afternoon, all.

5        **MS. MILLER:** Good afternoon.

6        **MR. KENNEDY:** Good morning.

7        **THE COURT:** Ms. Miller, Mr. Kennedy and Mr. Miller.

8 We are taping, so please speak up into the mics. I hope

9 Mr. Miller can be heard down there. We do have a portable

10 mic, Mr. Kennedy, that you might try as well.

11        Ms. Rand I guess can help us if it's not being

12 picked up.

13        This is United States vs. William Miller,

14 13-CR-6036. The matter was on the Court's calendar for

15 status today and possible plea. Trial in this case is

16 currently scheduled for about a month away, on June 16th; the

17 pretrial scheduled before that.

18        But I have been given a copy of a plea agreement.

19 It appears, Mr. Kennedy and Ms. Miller, there will be a plea

20 this afternoon?

21        **MR. KENNEDY:** Yes, Judge.

22        **THE COURT:** Mr. Miller, is that your understanding

23 as to why we are here now this afternoon, to take your plea?

24        **THE DEFENDANT:** Yes, Your Honor.

25        **THE COURT:** Okay. We have a process that I'm

1  required to follow.   It's obviously an important event for
2  you and for the Court as well.   We discuss several matters.
3  We do so for three reasons.   Number one, to make sure you
4  understand what's in this plea agreement.   Number two, to
5  make sure you understand the possible punishment, especially
6  jail punishment that could result if you plead guilty.   And,
7  finally, we want to make sure you understand all of your legal
8  rights in connection with a criminal prosecution.

9        If you have any questions as we go through this,
10  you can certainly talk to your lawyer, Mr. Kennedy, in private
11  or you can ask me questions.

12        Do you understand all that?
13        **THE DEFENDANT:** Yes, Your Honor.
14        **THE COURT:** Keep your voice up.   I'm going to take
15  your statements here under oath.   You will be asked questions
16  about your understanding of this agreement, the penalties and
17  also questions about what it is that you did that resulted in
18  this charge.

19        So if you'd raise your right hand?
20        (**WHEREUPON**, the defendant was sworn).
21        **THE COURT:** Tell me, sir, how old are you now?
22        **THE DEFENDANT:** How old am I?
23        **THE COURT:** Yeah.
24        **THE DEFENDANT:** 52.
25        **THE COURT:** All right.   How far did you get in any

1  schooling?

2          THE DEFENDANT: 13, Your Honor.  One year of

3  college.

4          THE COURT: One year of college, okay.  Are you

5  taking any medication or drugs today which you think affect

6  your mental understanding and clearness of thought?

7          THE DEFENDANT: I'm pretty messed up, but I

8  understand what's going on.

9          THE COURT: Well, I know you have some medical

10  issues, but when you say "messed up" that gives me some

11  concern.

12          THE DEFENDANT: They stopped my mental health

13  medication.  I'm on no medication today and no insulin.

14          THE COURT: You what?

15          THE DEFENDANT: I have no medication today or no

16  insulin.

17          THE COURT: Because of the travel here?

18          THE DEFENDANT: Yes.

19          THE COURT: Well -

20          THE DEFENDANT: I understand what's going on, Your

21  Honor.  So I'm not, you know, we can proceed.  I understand

22  the proceedings.

23          MR. KENNEDY:  Judge, may I ask a question of my

24  client?

25          THE COURT: All right.  If I understand it, you met

1  with your lawyer Mr. Kennedy this morning and talked about the

2  plea and whether you should take it or not?

3              THE DEFENDANT: What?  With my attorney?

4              THE COURT: Yeah.

5              THE DEFENDANT: Yes, Your Honor.

6              THE COURT: And were you able to understand what he

7  discussed with you?

8              THE DEFENDANT: Yes, Your Honor.

9              THE COURT: Okay.  And you have no reservations in

10 terms of your mental condition about going ahead this

11 afternoon?

12             THE DEFENDANT: No, I'm ready to go ahead, Your

13 Honor.

14             THE COURT: Mr. Kennedy, in terms of your contact

15 with your client, any unusual or disturbing things that were

16 brought to your attention relative to his mental state at this

17 time?

18             Does he appear to you to be competent to do what is

19 proposed to be done?

20             MR. KENNEDY:  Judge, he appears competent.  We did

21 read through the entire plea agreement as well as go over the

22 meaning of the language in the plea agreement.

23             THE COURT: Did he appear any different today than

24 when you met him previously?

25             MR. KENNEDY:  He appears more alert actually today

1  than he has at times when I met with him before.  So I'm of

2  the opinion that he is mentally capable to move forward today.

3           THE COURT: Well, Mr. Miller, as I said at the

4  outset, I do have a copy of the plea agreement.  It's some 13

5  pages long.  Have you reviewed this today with your lawyer?

6           THE DEFENDANT: Yes, Your Honor.

7           THE COURT: Do you think you've had sufficient time

8  to review it?

9           THE DEFENDANT: Yes, Your Honor.

10          THE COURT: Has anybody threatened you or forced you

11  to get -- to come -

12          THE DEFENDANT: No, Your Honor, no.

13          THE COURT: All right.  Well, I have reviewed it.

14  I'm going to, with the help of Ms. Miller, the prosecutor, I'm

15  going to have her, with me and you, go through several of the

16  paragraphs here.

17          But before we even go through that exercise, as you

18  sit here today, do you think you understand what's in this

19  agreement?

20          THE DEFENDANT: Yes, Your Honor.

21          THE COURT: All right.  Sort of off topic, but are

22  there any state charges pending or is this it?

23          MR. KENNEDY:  Judge, there are state charges

24  pending that are not part of this incident, but a state

25  complainant.  But my conversations with the state attorney,

1  the Monroe County Assistant District Attorney who has the

2  case, her intent is to not proceed if we were to resolve our

3  case with a plea.

4          I do not represent him in state court, but I have

5  been in touch with his public defender as well as the state

6  attorney who gave me that information.

7          **THE COURT:** That's a Monroe County charge?

8          **MS. MILLER:** It is, Your Honor.

9          **THE COURT:** Ms. Miller, is that your understanding

10  as well?  That a plea here would resolve the state matter?

11          **MS. MILLER:** The last time I spoke with the

12  Assistant District Attorney, yes, that was her representation

13  to me.

14          **THE COURT:** Okay.  I mean, is that sort of a

15  condition of this plea here?

16          **MS. MILLER:** I think it's an extra incentive that a

17  plea here would resolve all of the charges globally.

18          **THE COURT:** Well, I don't -- that is often the

19  situation, but I just think in fairness to Mr. Miller, if it

20  turns out that this plea does not satisfy the state charges,

21  does that give Mr. Miller an opportunity to come in here and

22  try to revoke his plea?

23          **MS. MILLER:** I think not, Your Honor.  My offer

24  stands alone and on its own.  And the benefit to Mr. Miller

25  is that it's not a plea to production, which carries the

1 | mandatory minimum of 15 years.

2 | So this plea is separate and distinct from the

3 | state charges, but there is certainly a benefit to Mr. Miller

4 | by pleading with this agreement.

5 | **THE COURT:** All right, but it's the Government's

6 | position that the dismissal of the state charges is not a

7 | condition of this plea? If it happens, it happens. If it

8 | doesn't, it doesn't.

9 | **MS. MILLER:** That's correct.

10 | **THE COURT:** But the expectation is, I guess, that it

11 | will satisfy the state charges?

12 | **MR. KENNEDY:** Yes, Judge, this is not condition

13 | precedent for the purposes of this plea, but my understanding

14 | from even talking to the County Court judge who has the matter

15 | is they actually put their matter out past our trial date

16 | under the assumption that whatever happened, plea or trial,

17 | they were going to have it resolve their matters. So it's not

18 | a condition, but it has been in talks, negotiation with all

19 | parties as far as what is likely to happen.

20 | **THE COURT:** All right. Well, that clarifies it for

21 | me. Mr. Miller, Do you understand that?

22 | **THE DEFENDANT:** Yes, Your Honor.

23 | **THE COURT:** All right. Ms. Miller, perhaps as we

24 | do, you could help us by starting at paragraph 1, describe the

25 | charge that Mr. Miller's prepared to plead to and the

1  statutory penalty.

2          **MS. MILLER:** Your Honor, through this agreement the

3  defendant is agreeing to waive indictment and plead guilty to

4  a one count superseding information that charges violation of

5  Section 2422(b) of Title 8 --

6          **MR. KENNEDY:** Excuse me, Mr. Miller thinks he's

7  going to be sick.

8          **MS. MILLER:** Do you have a garbage can?

9          **THE COURT:** Why don't we take a few minutes until

10  Mr. Miller feels better.   Take a few minutes.

11          (**WHEREUPON**, there was a pause in the proceeding.)

12          **THE DEFENDANT:** I'm sorry, Your Honor.

13          **THE COURT:** Thank you for saying it, but it's

14  something that's unfortunate certainly.

15          I mean, are you all right to proceed here?

16          **THE DEFENDANT:** Yes, Your Honor.

17          **THE COURT:** The record will reflect that Mr. Miller

18  apparently did throw up.   We've taken about a 10 or 15-minute

19  break while that's been cleaned up.   I certainly can

20  understand, since I've been in this business for many years,

21  desire of defendants once they've decided to plead guilty to

22  do it, but if you're not feeling well I can certainly put this

23  over for another day, another week?

24          **THE DEFENDANT:** I'm sorry, Your Honor, I can't

25  understand.

1       **MR. KENNEDY:** I don't think he can hear you, Judge.

2   He does have some hearing issues.

3           **THE COURT:** Pardon me?

4           **MR. KENNEDY:** I don't think he heard you.

5           **THE COURT:** All right, I'll speak up then.   I can

6   understand defendants once they decide to plead they want to

7   go ahead and do it, but if you're not feeling well and you're

8   sick, I can adjourn this.   I can do this another day, but

9   you're here and if you want to go ahead -

10          **THE DEFENDANT:** No, we can go ahead, Your Honor.

11  I'm all right.

12          **THE COURT:** All right, I just want to make sure that

13  I'm not forcing you to go ahead if you're sick.

14          Do you understand that?

15          **THE DEFENDANT:** I understand.

16          **THE COURT:** All right, you feel all right to go

17  ahead now?

18          **THE DEFENDANT:** Yes, Your Honor.

19          **THE COURT:** All right.   If you think you're going

20  to be sick again, let me know.   I assume the pail is there -

21          **THE DEFENDANT:** I will.

22          **THE COURT:** Thank Ms. Rand for the prompt response.

23          All right, Mr. Kennedy, you're okay to go ahead

24  here?

25          **MR. KENNEDY:** Yes, Judge.   If Mr. Miller is, I'm

1  prepared to proceed.

2          **THE COURT:** All right.   So where were we?   I think

3  we were describing the statutory penalties.

4          **MS. MILLER:** We were, Your Honor.   The charge

5  carries a maximum -- or excuse me, a mandatory minimum term of

6  imprisonment of 10 years, a maximum term of imprisonment of

7  life; a fine of up to $250,000; mandatory $100 special

8  assessment; and a term of supervised release of at least five

9  years and up to life.

10          **THE COURT:** All right, Mr. Miller, do you understand

11  those maximum penalties?

12          **THE DEFENDANT:** Yes, I do, Your Honor.

13          **THE COURT:** We'll talk about the guidelines in a

14  minute, but the maximum penalties are what's set forth here.

15          Do you understand them again?

16          **THE DEFENDANT:** Yes.

17          **THE COURT:** All right.   Ms. Miller.

18          **MS. MILLER:** Your Honor, beginning on page 2 at

19  paragraph 2, there is a notice of putting the defendant on

20  notice that he can be responsible for restitution for the

21  victim's compensable losses.

22          I will note to the Court that my office has not

23  received any request for restitution at this point from the

24  victim or her family.

25          **THE COURT:** All right, thank you.

1       **MS. MILLER:** I also note in paragraph 4 that after

2   pleading guilty to this offense, the defendant will be

3   required to register under the Sex Offender Registration and

4   Notification Act, which will require him to notify and make

5   record of the jurisdictions in which he is employed, where he

6   works, or where he resides.

7       **THE COURT:** Do you understand the requirements,

8   Mr. Miller, to register?

9       **THE DEFENDANT:** Yes, I do, Your Honor.

10      **THE COURT:** I'm sorry, I didn't hear you.   Do you

11  understand those requirements to register?

12      **THE DEFENDANT:** Yes, Your Honor.

13      **THE COURT:** All right.   I see you've got a criminal

14  history VI.   Are you registered already?

15      **MR. KENNEDY:**   No, Judge, those are primarily

16  misdemeanor convictions.   There are no prior charges that

17  would require that, so this would be --

18      **THE COURT:** All right, okay.   Next I guess we'll

19  talk about the elements of the crime.

20      **MS. MILLER:** Should this case proceed to trial, the

21  Government would be required to prove three elements.

22      First, that the defendant knowingly used a facility

23  or means of interstate commerce to persuade, induce, entice or

24  coerce an individual under the age of 18 to engage in sexual

25  activity.

1          Two, that the defendant believed that such

2   individual was less than 18 years of age.

3          And, three, the defendant could have been charged

4   with a criminal sex offense for engaging in the sexual

5   activity.

6          **THE COURT:** Mr. Miller, do you understand those

7   elements that make up this crime?

8          **THE DEFENDANT:** Yes, Your Honor.

9          **THE COURT:** I'd ask you, sir, to look at the factual

10  basis, which is the next section of the plea agreement.   And

11  there are four sentences or sub paragraphs, 6A through D.

12          Have you reviewed those statements and are they

13  true and accurate statements about your conduct?

14          **THE DEFENDANT:** Yes, they are, Your Honor.

15          **MR. KENNEDY:**  Judge, would it be permissible if I

16  stand on the other side of Mr. Miller?  He has trouble hearing

17  out of this side.

18          **THE COURT:** Yeah, as long as you keep your voice up.

19          **MR. KENNEDY:**  Thank you.

20          **THE COURT:** The factual basis, sir, recites between

21  June 1, 2013 -- that can't be right -- and August 9th, 2012?

22          **MR. KENNEDY:**  Judge, I believe that's a typo.   It

23  looks like it's supposed to be 2012.

24          **MS. MILLER:** It should have been, Your Honor.   I'll

25  make the change in the plea agreement and initial it along

1   with Mr. Kennedy.

2           THE COURT: What's the correct date?

3           MS. MILLER: It is 2012, Your Honor.

4           THE COURT: So it's June 1st, 2012 to August 9th?

5           MS. MILLER: That's correct, Your Honor.

6           THE COURT: Okay.

7           MR. KENNEDY: Judge, we've corrected the original

8   and both initialed it.

9           THE COURT: All right. My question is, it says

10  between June 1, 2012, and August 9th, 2012, Mr. Miller, you

11  enticed an individual to engage in sexual activity. Because

12  of the dates, it happened on more than one occasion?

13          MS. MILLER: That's correct, Your Honor.

14          THE COURT: Is that accurate, Mr. Miller?

15          THE DEFENDANT: Pardon me?

16          THE COURT: You need to listen to me when I talk.

17  That first section says between June of 2012 and August 9th of

18  2012 you enticed this individual.

19          My question is I take it from those dates that this

20  happened more than on one occasion?

21          THE DEFENDANT: Yes, Your Honor.

22          THE COURT: All right. And victim No. 1, I want

23  to -- I know it's a minor, but I want to make sure we know who

24  this person is. Who is this person?

25          THE DEFENDANT: Raven XXXX.

1          THE COURT: I can't hear you.

2          THE DEFENDANT: Raven XXXX.

3          THE COURT: All right.   A male?

4          THE DEFENDANT: No.

5          MS. MILLER: A female, Your Honor.

6          THE COURT: Raymond?

7          MS. MILLER: Raven, as in the bird, Your Honor.

8          THE COURT: Raven, okay.   And because it's

9   mentioned in the sentencing guidelines, it says that this

10  person was in your care and custody.   What's that all about?

11         THE DEFENDANT: No, Your Honor.

12         THE COURT: Pardon me?

13         MS. MILLER: Your Honor, it's the Government's

14  position that the child was a family friend of Mr. Miller's

15  and that she would often spend time in the room that he rented

16  on Electric Avenue and occasionally even spent the night.

17         And that while she at the young age that she was

18  entrusted in his care by both her grandmother and mother, she

19  was under his supervisory control is what the Government's

20  allegation is -- or the -- why the guideline application

21  applies.

22         THE COURT: But I know I skipped ahead to the

23  guidelines.   That's not certainly an element of the offense?

24         MS. MILLER: It is not.

25         THE COURT: Okay.   But the guidelines do indicate,

1   Mr. Kennedy, that the Government and the defense agree that

2   that is an offense characteristic. That is, two points

3   because at some point this Raven was in the care and custody

4   of Mr. Miller.

5         Now, whether Probation comes to the same conclusion

6   and whether I find that to be the case I guess is another

7   matter. But according to the plea agreement, both sides seem

8   to think this is a proper application of the guidelines.

9         **MS. MILLER:** And, Your Honor, perhaps just to

10   clarify. When the term "custody" is used under the

11   guidelines, it's not a legal definition.

12         Merely that she was under his responsibility at

13   certain times.

14         **THE COURT:** With that definition, Mr. Miller, do you

15   have any quarrel with the guideline?

16         **THE DEFENDANT:** No, I don't want to quarrel with the

17   guidelines.

18         **THE COURT:** All right. Going back to the factual

19   basis, it describes this as enticement that was done over the

20   telephone.

21         Is that what happened?

22         **THE DEFENDANT:** Yes, Your Honor.

'23         **THE COURT:** Okay. But also it says that you knew

24   that this woman was under 18?

25         **THE DEFENDANT:** Yes, Your Honor.

1          MS. MILLER: And, Your Honor, perhaps it would be

2    helpful to put on the record that she was not a woman and, in

3    fact, 13 years old.

4          THE COURT: Well, I see from the guideline

5    calculation that an enhancement was added because she was

6    under the age of 16.

7          Is that the representation made is Raven is about

8    13; is that correct, sir?

9          THE DEFENDANT: Yes, Your Honor.

10         MR. KENNEDY: At the time of the --

11         THE COURT: Right, at the time of the offense.  All

12   right, anything about the factual basis, Ms. Miller?

13         MS. MILLER: Your Honor, I don't think that

14   Mr. Miller answered the question about using the cell phone.

15   I think the Court had alluded to it, but we moved on.

16         MR. KENNEDY: I believe he did say yes, but we can

17   ask him again.

18         THE COURT: I think he did, he said he used the

19   telephone.  Cell phone?

20         THE DEFENDANT: Yes, Your Honor.

21         MS. MILLER: Thank you then, Your Honor.  The

22   Government's satisfied.

23         THE COURT: Thank you.  All right, we've talked

24   about the factual basis, sir, and I think I'm satisfied.  The

25   guidelines on page 5, there are several enhancements.

1    Guidelines are determined by reviewing both your

2 prior record and the nature of this offense.   The Government

3 believes that your criminal history is the highest, it's VI.

4 That's covered in paragraph 12.

5    And that your net offense level is 40 because there

6 were adjustments to your detriment because the child was under

7 the age of 16; the offense involved the commission of a sex

8 act; that the person, the minor, was under your care at some

9 point, which we already discussed; and I guess there was the

10 use of a computer also to --

11    **MS. MILLER:** The cell phone was a smart phone, Your

12 Honor.

13    **THE COURT:** Well, that's the computer?

14    **MS. MILLER:** Yes.

15    **THE COURT:** There's an adjustment that's made, three

16 point reduction to your benefit, because of your acceptance of

17 responsibility and plea here.   So I guess the net is with a

18 criminal history of VI, offense level of 37, your guideline

19 range is 360 months, that's 30 years, to life; fine of $20,000

20 to $200,000; a period of supervised release of five years to

21 life.

22    Do you understand that's what your lawyer and the

23 Government believe are the sentencing guidelines here?

24    **THE DEFENDANT:** Yes, Your Honor.

25    **THE COURT:** Do you understand when we're through

1  here the case will be turned over to the Probation Department

2  and they will do their own assessment, they will write a

3  report to you and to me and the lawyers giving us their view

4  as to what the guidelines are?  And if there are disputes or

5  questions, the Court will decide what the guideline range

6  should be.

7           Do you understand that?

8           **THE DEFENDANT:** Yes, Your Honor.

9           **THE COURT:** Do you understand that the Court is

10  required to consider the guidelines, but the Court does have

11  some discretion?  The Court must decide a sentence that's

12  sufficient, but not more than necessary, to fulfill all the

13  requirements and goals of the sentencing statute.

14           Do you understand that?

15           **THE DEFENDANT:** Yes, Your Honor.

16           **THE COURT:** We've already talked about them, the

17  maximum penalties; 10 years is the minimum, life is the

18  maximum.

19           Do you understand that?

20           **THE DEFENDANT:** Yes, Your Honor.

21           **THE COURT:** At the time of the sentencing you will

22  have a right to speak to the Court; your lawyer and the

23  Government can submit sentencing material as well.

24           Do you understand that?

25           **THE DEFENDANT:** I didn't hear you, Your Honor.

1          THE COURT: Do you understand that at sentencing you

2    can address the Court, and your lawyer and the Government can

3    submit papers to me as well?

4          THE DEFENDANT: Yes, Your Honor.

5          THE COURT: Now, this agreement, Mr. Kennedy, as I

6    read it, it does not give you the right to seek a

7    non-guideline sentence.

8          MR. KENNEDY:  That's correct, Judge.

9          THE COURT: And I guess Ms. Miller mentioned the

10   Government's decision not to pursue the production charge,

11   which would carry a 15 year minimum.

12          Is that one aspect, Mr. Kennedy and Mr. Miller,

13   that has occasioned or helped in the decision to plead guilty

14   here today?

15          THE DEFENDANT: Yes, Your Honor.

16          MR. KENNEDY:  Yes, Judge.

17          THE COURT: I guess there's also the hope and

18   expectation that the state charges will not be pursued, true?

19          It's also the expectation that the state charges

20   will not be pursued either; is that correct?

21          THE DEFENDANT: Well, I'm hoping not, Your Honor,

22   but I understand that that's not set in stone.

23          THE COURT: All right, I think we discussed that.

24          Do you understand today, sir, is D-Day in the sense

25   it's decision day? You can't change your mind tomorrow or next

1  week or next month about pleading guilty.

2          Do you understand that?

3          THE DEFENDANT: Yes, I do.

4          THE COURT: Somewhere here there is an appeal waiver

5  section, over on page 9, there are several paragraphs there,

6  sir, but what it means to me is that if the Court sentences

7  you within the guideline range, that's 360 months to life, you

8  give up your right to appeal that sentence.

9          Do you understand that?

10          THE DEFENDANT: Yes, Your Honor.

11          THE COURT: That means you give up the right to file

12  a direct appeal or to file something called a "collateral

13  attack" or a *habeas corpus* or 2255.

14          Do you understand those are covered by this also?

15          THE DEFENDANT: Yes, Your Honor.

16          THE COURT: I have no idea what the sentence will be

17  because I don't have the presentence report and I don't know

18  enough about you, but that's something we don't decide today.

19  We decide that at a sentencing hearing, which will probably be

20  a couple months from now, okay?

21          Any questions so far, Mr. Miller?

22          THE DEFENDANT: No, Your Honor.

23          THE COURT: There's also a forfeiture provision and

24  I guess it's described at paragraph 23, the digital camera.

25  Was that part of the phone?

1          **MS. MILLER:** No, Your Honor, it was a separate

2    device.

3          **THE COURT:** That's going to be forfeited to the

4    Government, do you understand that?  The camera is not going

5    to be turned back to you.    It's going to be forfeited to the

6    Government.

7          **THE DEFENDANT:** Okay, Your Honor.   What about my

8    computers?

9          **THE COURT:** I didn't hear you.

10          **THE DEFENDANT:** What about my computers?

11          **THE COURT:** I don't know.

12          **MR. KENNEDY:**  The only forfeiture that's in the

13    plea agreement is the camera and the SD card.

14          **THE COURT:** That appears to be the case.

15          **MS. MILLER:** So, Your Honor, in that case when this

16    case is fully and finally resolved, then any items not

17    forfeited would be turned back over to the defendant or a

18    representative that he names.

19          **THE COURT:** Thank you.   All right, next my job is

20    to talk to you about your legal rights.   You have a criminal

21    history category of VI.   Have you ever gone to trial in

22    anything?

23          **THE DEFENDANT:** No, Your Honor.

24          **THE COURT:** But there have been other guilty pleas?

25          **THE DEFENDANT:** There's been plenty of guilty pleas,

1 but never a trial.

2         **THE COURT:** Okay.  Well, in each case I assume a

3 judge talked to you about your rights?

4         **THE DEFENDANT:** Yes, Your Honor.

5         **THE COURT:** All right.  Well, I'm going to do it

6 again.  You've been charged here and indicted.  You have a

7 right to have a trial to determine whether you committed this

8 offense or not.

9         In fact, as I mentioned at the outset, we have a

10 trial scheduled in this case about a month from now, on June

11 the 16th.

12         Do you understand that?

13         **THE DEFENDANT:** Yes, Your Honor.

14         **THE COURT:** Do you understand if one pleads guilty,

15 there is no need to have a trial?

16         **THE DEFENDANT:** Yes, Your Honor.

17         **THE COURT:** Do you understand that if there were a

18 trial, it would be a jury trial?  You would have to be

19 present.  The trial would take place in this room.  You

20 wouldn't have to do much, you wouldn't have to do anything

21 except be here because the Government would have the burden of

22 producing evidence and convincing each of the 12 jurors of

23 your guilt by eliminating any reasonable doubt that might

24 exist.

25         Do you understand that's part of a trial?

1          THE DEFENDANT: Yes, Your Honor.

2          THE COURT: Do you understand at that trial you

3   would have the help of your lawyer Mr. Kennedy?  You could use

4   the subpoena power of the Court to bring in evidence or

5   witnesses that might assist in your decision.

6          THE DEFENDANT: Yes, sir.

7          THE COURT: And you can also take the witness stand

8   and testify in front of the jury, but nobody, including the

9   Court, can make you do that if you don't want to.

10          Do you understand that?

11          THE DEFENDANT: Yes, Your Honor.

12          THE COURT: And as I say, as I've already said, the

13   Government has to prove your guilt not by a hunch, not by a

14   suspicion, but by eliminating any reasonable doubt.

15          Do you understand that?

16          THE DEFENDANT: Yes, Your Honor.

17          THE COURT: Again, we take your time to talk about

18   this just to make sure you understand that these rights

19   relating to a trial will be lost or given up if you plead

20   guilty.

21          Do you understand that?

22          THE DEFENDANT: Yes, Your Honor.

23          THE COURT: The only thing left for us to do is to

24   wait to see when we get the presentence report and then we'll

25   meet again and have a sentencing hearing.

1          Do you understand that?

2              THE DEFENDANT: Yes, Your Honor.

3              THE COURT: All right, Mr. Kennedy has assisted you

4  in this matter.   Are you satisfied with the help and advice

5  he's given you up to this point?

6              THE DEFENDANT: Yes, Your Honor.

7              THE COURT: I just want to make sure because you

8  sent me a letter back on February 2nd, 2014, saying that you

9  have good days and bad days, and that you expressed some

10 concern about Mr. Kennedy's representation of you.

11             It's now -- that was in February.   It's now May.

12 Have you and Mr. Kennedy worked out any issues that you had?

13             THE DEFENDANT: Yes, Your Honor.   I was in one of

14 my moods that day.

15             THE COURT: All right, but you're in a better mood

16 today?

17             THE DEFENDANT: Yeah.

18             THE COURT: All right.   Do you have any complaints

19 or quarrels with Mr. Miller and the advice he's given you

20 today relative to this plea?

21             THE DEFENDANT: Naw.   If there were I'd hit him

22 with the mic, Your Honor.

23             THE COURT: Well, this is not a laughing matter.   I

24 just want to make sure -

25             THE DEFENDANT: Okay, no, I'm only kidding.   No,

1 everything is fine, Your Honor.

2       **THE COURT:** All right.  Do you have any questions

3 last minute of me or Mr. Kennedy before we sign some papers

4 and take the plea?

5       **THE DEFENDANT:** No, Your Honor.

6       **THE COURT:** Anything else by counsel?  Otherwise, I

7 think we're ready to sign the plea agreement and the waiver.

8       **MS. MILLER:** Nothing from the Government, Your

9 Honor.

10       **THE COURT:** All right, there should be two pieces of

11 paper there.  One a single piece of paper called a Waiver of

12 Indictment.  Because this is a new charge, the Government

13 would otherwise have to submit evidence about this to a grand

14 jury for that group to decide whether to even charge you.

15       If you sign that waiver document, the Government

16 can simply bring the charge by filing a piece of paper called

17 "superseding information."

18       If that's been explained to you, I'd ask you to

19 sign that document for filing.

20       All right, the waiver has been signed in my

21 presence.  I will endorse it, direct that it be filed.  Its

22 filing makes effective the one count superseding information

23 and one count forfeiture information that Ms. Miller has

24 handed up to me this afternoon.

25       Next for signing, sir, is the plea agreement that

1   we've talked about here for several minutes.  Since you've

2   indicated you have no questions and you're prepared to go

3   ahead, I'd ask you to sign that document and it will be filed

4   as well.

5           All right, the plea agreement has been signed by

6   Mr. Miller and by both lawyers.  So I will direct that be

7   filed as well.

8           Next step, sir, is that I read the charge to you

9   and ask you how you plead.  The charge is that between June

10  1, 2012 and about August 9, 2012, in this federal district,

11  you, William Miller, did use a facility of interstate or

12  foreign commerce, that is, a cellular telephone, to knowingly

13  persuade, induce, entice or coerce an individual who had not

14  yet attained the age of 18, that is victim No. 1, to be

15  described as Raven, a minor female, to engage in sexual

16  activity for which a person could be charged with a criminal

17  offense.

18          As to that charge pursuant to the plea agreement

19  how do you plead today, guilty or not guilty?

20          **THE DEFENDANT:** Guilty, Your Honor.

21          **THE COURT:** All right, there is a forfeiture

22  allegation which we've discussed.  Do you acknowledge and

23  admit that the digital camera will be forfeited to the United

24  States?

25          **THE DEFENDANT:** Yes, Your Honor.

1          THE COURT: All right, you can have a seat.    After

2     discussing this with Mr. Miller, I believe he is competent and

3     capable.   I believe based on my observation of him and

4     otherwise, in spite of his stomach issue today, I see no

5     indication that he is not competent or capable of entering a

6     plea.   He's fully and clearly answered all my questions.

7          I believe the plea is knowing and voluntary and I

8     believe there are facts to support the plea.   I will accept

9     the guilty plea.

10         I will order a presentence report and schedule the

11    matter for sentencing probably in August .   It takes, sir,

12    about two and a half months to put everything together.

13    Assuming that Mr. Kennedy will have some submissions, perhaps

14    some medical submissions.

15         MR. KENNEDY:  Yes, Judge.

16         THE COURT: So, Ms. Rand, mid-August or early

17    September .   And does it make sense to put this in the

18    afternoon since apparently Mr. Miller travels?

19         MR. KENNEDY:  Yes, Judge, that would probably be

20    best.

21         THE COURT: September what?   The day after Labor

22    Day.   Does that work?   September 3rd.

23         MS. MILLER: Fine for the Government.

24         THE COURT: Mr. Kennedy, September 3rd at 2 o'clock,

25    all right?

1          **MR. KENNEDY:**  That would be fine, Judge, thank you.

2          **THE COURT:**  All right, September 3rd at 2 o'clock.

3    What's the schedule for filings, Ms. Rand?

4          **THE CLERK:**  (Inaudible).

5          **THE COURT:**  Anything else we need do today?

6          **MS. MILLER:**  No, thank you, Your Honor.

7          **THE COURT:**  All right, Mr. Miller, I think the

8    marshals will be taking you back today.   I hope you're

9    feeling a little better.

10          **THE DEFENDANT:**  Thank you, Your Honor.

11          **MR. KENNEDY:**  Thank you, Judge.

12          **MS. MILLER:**  Thank you.

13          (**WHEREUPON**, the proceedings adjourned at 2:30 p.m.)

14                    *    *    *

15               **CERTIFICATE OF TRANSCRIBER**

16

17          In accordance with 28, U.S.C., 753(b), I certify that

18    this is a true and correct record of proceedings from the

19    official electronic sound recording of the proceedings in the

20    United States District Court for the Western District of New

21    York before the Honorable David G. Larimer on May 13th, 2014.

22

23    S/ Christi A. Macri

24    Christi A. Macri, FAPR-CRR
      Official Court Reporter
25